**ORIGINAL**

# In the United States Court of Federal Claims

No. 13-658C
(Filed: January 3, 2014)

**FILED**
JAN 3 2014
U.S. COURT OF
FEDERAL CLAIMS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

WAYNE RICKERT,

    *Plaintiff*,

v.

THE UNITED STATES,

    *Defendant*.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER

    Plaintiff, appearing *pro se*, filed a complaint and a motion for leave to proceed *in forma pauperis* on November 12, 2013.[1] Mr. Rickert alleges that he lost considerable amounts of money due to embezzlement by the presidents of two private banks in 1989 and 2006. He alleges that he has been trying to recoup those funds from the federal government since 2000. As a result of this alleged loss, according to plaintiff, he has lost his drivers license, been jailed for failure to pay child support, and generally been impoverished. Plaintiff "prays that stiffer laws be imposed against banks that steal money" and asks for $15,000,000. Compl. ¶ 12. Defendant filed a motion to dismiss for lack of jurisdiction. Plaintiff's response was due on December 12, 2013. Plaintiff has not responded to that motion.

    Jurisdiction is a threshold matter. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998). The court may raise the issue *sua sponte* at any time. *Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004). Although plaintiff is appearing *pro se*, and *pro se* litigants are afforded latitude, that cannot excuse jurisdictional failings. *See Kelly v. U.S. Sec'y of*

---

[1] For good cause shown, we grant the motion to proceed *in forma pauperis*.

*Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987) ("a court may not similarly take a liberal view of that jurisdictional requirement and set a different rule for pro se litigants only"). It is unnecessary to wait for a response to the motion to dismiss because it is clear on the face of the complaint that we lack jurisdiction over any claims that plaintiff's complaint might give rise to.

This court has jurisdiction primarily over claims "against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a) (2006). What this means is that a plaintiff must either claim a breach of contract by the United States, or identify a constitutional provision, statute, or regulation which mandates that plaintiff be paid money by the federal government. *See United States v. Testan*, 424 U.S. 392, 398 (1976).

Although alleging in a general sense a duty on the part of the United States to better protect citizens against loss from the malfeasance of banks and bank presidents, plaintiff has not alleged a claim grounded in a right to recover money from the federal government. To the extent that plaintiff alleges a civil rights violation, *see* Compl. ¶ 11, and assuming that plaintiff properly asserted such a claim, we note that such claims belong in the district courts. *See, e.g., Willis v. United States*, 96 Fed. Cl. 467, 470 (2011); *Hernandez v. United States*, 93 Fed. Cl. 193, 197-99 (2010).

In short, this court lacks jurisdiction over any claims raised by plaintiff's complaint. Accordingly, the complaint must be dismissed for lack of jurisdiction. Defendant's motion to dismiss is granted. The Clerk of Court is directed to dismiss the complaint without prejudice. No costs.

ERIC G. BRUGGINK
Judge